UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VALERIE WILSON, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:05-CV-1364 (RNC) |
| CONN. NEWSPAPER PUBLISHING CO., INC., | : |
| Defendant. | : |

RULING AND ORDER

Plaintiff brings this action pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq., alleging interference and retaliation by her former employer. Defendant has moved for summary judgment on both claims. For the reasons that follow, the motion is granted.

I. Background

The record, viewed most favorably to the plaintiff, would permit a jury to find the following facts.[1] In 1998, plaintiff began working for defendant as an administrative assistant in the classified department. In 1999, she was given the position of death notice administrator. She was still employed in that on September 3, 2004, when she took a medical leave of absence that lasted approximately two months.

---

[1] For purposes of this motion, defendant has adopted the facts as articulated by plaintiff in her opposition. See Def.'s Reply Mem. at 1.

In mid-October 2004, while plaintiff was on leave, she received a letter from her supervisor, Jody Skomars, dated October 11, 2004, informing her that she was being given the position of data entry operator. The letter stated that the reassignment was due to "changes in the Classified Advertising Department" precipitated by "various essential business needs." The letter also notified plaintiff that her work schedule would change somewhat. Rather than work from 11:30 a.m. to 7:30 p.m. Tuesday through Saturday, as she had been doing, she would now work from 9:00 a.m. to 5:00 p.m. Monday through Friday, except that every other Monday, she would work from 11:30 a.m. to 7:00 p.m, and every third Sunday she would work from 3:00 p.m. to 6:00 p.m. Plaintiff perceived the data entry operator position as menial compared to her longtime position as death notice administrator, although the pay, benefits, perquisites, work station and locale, supervisor, and technical aspects of the jobs were the same.

On November 1, 2004, plaintiff returned to work from medical leave. Following her return, she was treated in a manner that she perceived as hostile. She offers the following examples:

1. Her work schedule was altered on several occasions, often with little or no advance notice.

2. She was not automatically given her former position as the death notice administrator when it became available. Instead, others were permitted to apply for the position, which plaintiff

declined to do.

3. She did not get a raise, although her annual performance review resulted in satisfactory ratings.

4. During the annual evaluation, which occurred in November 2004, Skomars made disparaging remarks.

5. During the holiday season in 2004-2005, Skomars accused plaintiff of placing coal in her holiday stocking, and aggressively questioned plaintiff in front of coworkers. In addition, she was required to work on Christmas Day and New Years Day, which were not observed as holidays by the company. And,

6. In January 2005, Skomars gave plaintiff a verbal warning that she regarded as unfair.

On January 31, 2005, plaintiff tendered her resignation by means of a letter to the defendant. In the letter, she explained that "[c]hanges to [her] position after November 2004, affecting [her] job duties as well as constant schedule changes have made [her] continued employment with [defendant] uncomfortable to [her]." (Mem. Supp. Summ J. Ex. C.)

II. Standard of Review

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing that there is

a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

III. Discussion

Plaintiff claims that defendant interfered with her rights under the FMLA by failing to restore her to an equivalent position upon her return from leave as provided by the statute. See 29 U.S.C. § 2615(a)(1)(2000). Under the FMLA, a position is equivalent if it is "virtually identical" to the employee's former position "in terms of pay, benefits and working conditions." See 29 C.F.R. § 825.215 (a). If two positions are the same in these respects but differ in ways that are "de minimis," "intangible," or "unmeasurable," there is no violation. See id. at (f). Measured by this standard, the data entry operator position was equivalent to the plaintiff's former position. No reasonable juror could find otherwise.

Plaintiff also claims that defendant retaliated against her for exercising her rights under the FMLA, in violation of the statute, by rendering her work environment so hostile as to be intolerable to a reasonable person. See 29 U.S.C. § 2615(a)(1)(2000). A prima facie case of retaliation requires proof that the plaintiff (1) exercised protected rights under the FMLA; (2) was qualified for her position; and (3) suffered an adverse employment action; (4) in circumstances supporting an inference of retaliatory intent. Potenza v. City of New York, 365 F.3d 165,

168 (2d Cir. 2004). Plaintiff cannot satisfy the third element.

Plaintiff claims that the treatment she received following her return from leave forced her to resign and thus she was constructively discharged. A constructive discharge occurs when "the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." See, e.g., Ferraro v. Kellwood Co., 440 F.3d 96, 101 (2d Cir. 2006). This demanding standard is not satisfied by evidence that "an employee disagreed with the employer's criticisms of the quality of [her] work, or did not receive a raise, or preferred not to continue working for that employer;" something more must be shown than that the "employee's working conditions were difficult or unpleasant." Spence v. Maryland Cas. Co., 995 F.2d 1147, 1156 (2d Cir. 1993). On the record before the Court, a reasonable juror would be bound to find that plaintiff's working conditions, although difficult or unpleasant for her, were not so harsh as to be objectively intolerable.

Defendant argues that plaintiff's retaliation claim also fails to satisfy the fourth element of a prima facie case because her only evidence of retaliatory intent is the temporal proximity between her return from medical leave and her resignation. See Treglia v. Town of Manlius, 313 F.3d 713, 720 (2d Cir. 2002)(temporal proximity may be sufficient to sustain an inference

of retaliatory intent). This argument has some force. However, if plaintiff could prove the third element of a prima facie case (i.e. if she could prove a constructive discharge), the temporal proximity between her return and the discharge would be at least marginally sufficient to raise a triable issue of retaliatory intent.

IV. Conclusion

For the foregoing reasons, the motion for summary judgment [doc. #22] is hereby granted. The Clerk will enter judgment in favor of the defendant dismissing the complaint.

So ordered this 31st day of March 2007.

```
_____/s/_____
      Robert N. Chatigny
  United States District Judge
```